UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY EDWARDS (#510282)                                          CIVIL ACTION

VERSUS

                                                                  21-59-JWD-SDJ

RANDY LAVESPERE, ET AL.

### ORDER

The plaintiff, Johnny Edwards, an inmate confined at the Louisiana State Penitentiary, proceeding *pro se,* filed this civil action complaining of alleged violations of his constitutional rights due to deliberate indifference to his serious medical needs and retaliation. The plaintiff has now filed a Motion for Preliminary Injunction and Temporary Restraining Order (R. Doc. 9).

In his Motion, the plaintiff is seeking treatment for a skin condition. As such, the relief sought by the plaintiff in his Motion is generally co-extensive with the relief sought in his Complaint. As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case. *See* generally *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir.1985). Otherwise, the normal procedures of litigation would be circumvented by trying a case on the merits through a motion for injunctive relief. For this reason, the plaintiff's Motion should be denied, along with the plaintiff's failure to meet his onerous burden of proof as discussed below.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See* also *Allied Marketing Group., Inc. v. CDL Marketing, Inc*., 878 F.2d 806, 809 (5th

Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains with the plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

The plaintiff herein has failed to show the facts and law clearly favor his request for a preliminary injunction. The plaintiff's Motion relies solely on his conclusory allegations that the defendants committed deliberate indifference by failing to properly treat his skin condition. The plaintiff relies solely on his own allegations. As such, the plaintiff fails to show he has a substantial likelihood of prevailing on the merits or that there is a substantial threat he will suffer irreparable injury if the requested relief is not granted, much less that the law and the facts clearly favor him.

Additionally, any harm which may come to the plaintiff is likely to not be irreparable and can be compensated for monetarily and, if warranted, redressed by way of a post-judgment injunction and/or restraining order. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion (R. Doc. 9) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 10, 2021.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**