## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY EDWARDS (#510282)** | **CIVIL ACTION** |
| **VERSUS** | |
| **RANDY LAVESPERE, ET AL.** | **21-59-JWD-SDJ** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 20, 2021.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY EDWARDS (#510282) | CIVIL ACTION |
| VERSUS | |
| RANDY LAVESPERE, ET AL. | 21-59-JWD-SDJ |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of Defendants Dr. Randy Lavespere and Dr. Jacob Johnson (R. Doc. 15). The Motion is opposed. *See* R. Doc. 21.

*Pro se* Plaintiff, Johnny Edwards, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against defendants, Dr. Randy Lavespere, Dr. Jacob Johnson, and EMT Jane Doe, alleging deliberate indifference to his serious medical needs.[1] Defendants Drs. Lavespere and Johnson now move for summary judgment relying upon the pleadings, a Statement of Uncontested Facts, the affidavit of Master Sergeant Keishonda Sanders, certified copies of Plaintiff's administrative remedy proceedings, and a certified copy of Directive No. 14.006 Administrative Remedy Procedure. Plaintiff opposes the instant Motion, relying upon the pleadings.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with

---

[1] Defendant EMT Jane Doe has not been served. *See* R. Doc. 6.

affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and the court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

The moving Defendants assert that Plaintiff's claims are subject to dismissal because Plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, Plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.

This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.  *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"  *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525.  Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose.  *Id*.

In this regard, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility.  *See* 22 La. ADC, Part I, § 325.  A review of the record reveals that on August 23, 2020, Plaintiff filed a Request for Administrative Remedy Procedure ("LSP-2020-2044") regarding the claims presented herein (deliberate indifference to his serious medical needs due to failure to properly treat a skin condition) as well as alleged hygiene problems in the dorms.  On September 18, 2020, this grievance was rejected during the screening process for containing multiple complaints. *See* R. Doc. 15-4, p. 3.

On October 9, 2020, Plaintiff filed a Request for Administrative Remedy Procedure ("LSP-2020-2580) again complaining of deliberate indifference to his serious medical needs in connection with the treatment of his skin condition.  Plaintiff notes that no one attempted to ascertain the cause of the skin rash and suggests that it could have been due to hygiene problems

in the dorms. This grievance was rejected on November 6, 2020, "because you can not ARP against an ARP."

On January 25, 2021, Plaintiff filed his Complaint. In his Complaint and his opposition to the instant Motion, Plaintiff asserts that his grievance was arbitrarily rejected; therefore, he exhausted all remedies available to him.

The Supreme Court has provided an overarching framework for evaluating the "availability" of administrative remedies in *Ross v. Blake*, 136 S.Ct. 1850. In *Ross*, the Court rejected the Fourth Circuit's attempt to create a "special circumstances" exception to the PLRA's exhaustion requirement. 136 S. Ct. at 1856. However, the Court remanded the prisoner's claim to be re-analyzed under the "availability" doctrine, which was based in the PLRA's "own, textual exception to mandatory exhaustion." *Id*. at 1858. The Court's explanation of that doctrine is as follows:

> Building on our own and lower courts' decisions, we note as relevant here three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief. Given prisons' own incentives to maintain functioning remedial processes, we expect that these circumstances will not often arise. But when one (or more) does, an inmate's duty to exhaust "available" remedies does not come into play.

*Id.* at 1859 (internal citations omitted). The Court then enumerated three circumstances in which administrative remedies were unavailable: (1) when the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes... incapable of use... [and] no ordinary prisoner can discern or navigate it"; and (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1859–60.

Though it appears from the record that Plaintiff's second grievance ("LSP-2020-2580") was not properly rejected, such action does not rise to the level of "machination, misrepresentation, or intimidation" as required by *Ross*.[2] The record is devoid of any evidence that any corrections officer used trickery, lies, or threats to prevent Plaintiff from filing a grievance about the claims at issue. Cf. Ross, 136 S. Ct. at 1860 n.3 (providing examples of circumstances where courts have found that correction facility staff prevented the inmate from exhausting his administrative remedies).

Plaintiff's grievance never progressed past the initial screening phase. As such, Plaintiff failed to exhaust his administrative remedies available to him prior to filing suit as required by 42 U.S.C. § 1997e, and this Court has no authority to excuse his failure to exhaust. *Ross v. Blake*, 136 S.Ct. at 1856. As such, Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e.

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the court has original jurisdiction, if the court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

---

[2] The certified copy of the plaintiff's grievance contains no reference to any prior grievance; however, it appears that all pages of the plaintiff's grievance were not provided to the Court. *See* R. Doc. 15-6.

**RECOMMENDATION**

The summary judgment record establishes that Plaintiff failed to exhaust his administrative remedies prior to filing suit. As such, the Court may grant a motion for summary judgment with respect to any non-moving defendants *sua sponte* after giving Plaintiff notice and a reasonable time to respond. The objection period which follows this Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Federal of Civil Procedure 72(b), satisfies the notice requirement. *See Treadway v. Wilkinson,* 2008 WL 4224817, n.3, (W.D. La. June 10, 2008). Accordingly, it is recommended that the Motion for Summary Judgment (R. Doc. 15) be granted, dismissing all of Plaintiff's claims against all defendants. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims, and that this action be dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on October 20, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**